IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY A. LAVITE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 09-cv-1058-JPG |
| | ) |
| JUDGE COOK, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Big Muddy Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Because of its brevity, the Court will repeat the fact allegations of the complaint in their entirety. Plaintiff asserts:

> I believe that for revenge for filing a discrimination 1983 action on them, when I caught a new case in 2007 they stole my blood and put me in isolation.
>
> All I can prove is Judge Cook issued the Sheriff an unlawful order to test me for H.I.V. against the Aids Confidentiality Act and the [sic] ruthlessly took my blood. Order issued on January 4, 2008.
>
> On January 4 2008 Sheriffs [sic] deputies unlawfully took my blood while I was pretrial detained at St. Clair County Jail. Force was used.

In addition to these fact allegations, the complaint states that - prior to initiating the instant action in this court - Plaintiff filed a suit in state court which he describes as a "right of action in Circuit Court for violation of Aids Confidentiality Act (ACA), 410 ILCS 305/1." He further states that he sought relief "for the same incident I'm filing this 1983 [action]." Plaintiff describes his state court action as "pending."

### DISCUSSION

Plaintiff's complaint reveals that he has two lawsuits pending concerning the same event. One suit was filed in state court. A second suit, the instant one, was filed in federal court. It is well-established that a federal district court may stay or dismiss a duplicative federal case in order to await the outcome of a parallel proceeding in state court. *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). Plaintiff's complaint indicates that his state court action is, indeed, parallel with this action. It involves the same parties, claims, and time.

Since the proceedings are parallel, the Supreme Court has identified four factors to be considered in determining whether a district court should abstain from exercising jurisdiction: (1) whether the state court has assumed jurisdiction over any res or property; (2) the relative convenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the state and federal forums obtained jurisdiction. *Colorado River*, 424 U.S. at 818.

This case does not involve any res or property. Furthermore, the St. Clair County court (where Plaintiff has filed his state court action) and this court are located about the same distance from Big Muddy Correctional Center. The third factor, avoiding piecemeal litigation, weights in favor of abstention. Indeed, if this court where to allow both suits to be maintained simultaneously, the two courts would be duplicating efforts and risking inconsistent rulings. Finally, the fourth factor - which court acquired jurisdiction first - favors abstention because Plaintiff filed his action in state court first.

**DISPOSITION**

In summary, this Court declines to exercise jurisdiction over Plaintiff's claim on abstention grounds because Plaintiff has a parallel proceeding pending in state court against the same parties, involving the same facts, and asserting the same claims as the instant action. Accordingly, this action

is **DISMISSED** without  prejudice.  All pending motions are **DENIED** as moot.

      **IT IS SO ORDERED.**

      **Dated: June 22, 2010.**

                                    **s/ J. Phil Gilbert**  
                                    **U. S. District Judge**